THE STATE, use of ROBINSON, *vs.* BENJ. BURTON and seven others.

The sheriff is entitled to a levying fee against each of several defendants in an execution.

He is not entitled to an advertising fee, though the advertisement be omitted at the defendant's request.

ALIAS fi. fa., debt. Real debt $928 39; interest from the 19th of October, 1846. Returned " Levied on goods as per inventory and appraisement, and settled to sheriff."

Costs:—Levying on eight defendants $32; appraisers $4; advertising $4 80; dollarage 974 58—$29 23; total $70 03.

The defendants filed an affidavit that the execution had been settled within thirty days after the levy and notice, and obtained a rule for taxing the costs; objecting to the separate levying charges, the advertising fee (as there had been no advertisement,) and the charge of dollarage.

*The Court* said that prior to the act of 1826, it had been decided that where the sheriff omitted a levy, or stayed an advertisement, at the request of the defendant, as it was for his benefit, he should not be allowed to object to the sheriff's fee for the service which he had thus prevented. But the act of 1826 prohibits the allowance of a fee for any service before it is performed; and as there had not been in fact any advertisement, the court disallowed that charge. They allowed the several levying fee, and the dollarage, it appearing that the thirty days had expired before actual payment.

—●—»»)⊙◉⊙《《●—

LEVIN LANK *vs.* KINDER & HORSEY, executors of Horsey.

One of several executors may enter into an amicable action and submit to arbitration so as to bind the estate.

RULE to show cause why an award should not be set aside.

Nathaniel Horsey, together with Owens Kinder, were administrators of Josiah C. Horsey, deceased; and Kinder entered into an amicable action with Levin Lank, at the suit of said Lank *vs.* Kinder and Horsey, as administrators of Josiah Horsey, and the arbitrators reported a sum due to plaintiff of $63.

On which *Wootten,* for the administrator, Horsey, who was also a

creditor, obtained a rule to show cause why the award should not be set aside, as the submission was without his authority.

*McFee* showed cause and cited (*Wms. Ex'rs.* 620-1.) Co-executors are regarded as one, and the act of one binds all, &c. (2 *Leigh's N. P.* 981.)

Rule discharged.

*McFee*, for plaintiff.
*Wootten*, for defendant.

—➤➤》❋❋❁《《←—

### REUBEN BOWMAN *vs.* SAMUEL HERRING.

The sale or pledge of personal goods without a transfer of possession is void against creditors.

THIS was an action of replevin for a mare, tried in Kent at the May term, 1847. The pleas were, 1st., non cepit; 2d., justification as a constable under execution process against Peter Fisher; replication to the second plea, that the mare was not the property of Fisher.

The proof was, that Fisher bought the mare of John W. Webb, in April, 1846, for a cow and yearling and $20, which he was to secure by his note with approved surety. He delivered the cow and yearling to Webb, and Reuben Bowman agreed to become his surety on the note with the understanding that Bowman was to hold the mare as collateral security until the note was paid, and if not paid he was to have the mare, and pay Fisher for the cow and yearling. The mare was delivered to Fisher and continued in his possession until she was levied on by defendant on the execution of John Thompson, who was the real defendant in this case. This levy was made in August, 1846; the note of Fisher and Thompson to Webb fell due Sept. 3, 1846, and was paid by Bowman soon after maturity, who also paid Fisher $12, as the agreed price of the cow and yearling.

*Smithers*, for defendant.—1. The private arrangement between Reuben Bowman and Peter Fisher may be good between themselves; but as to third persons, particularly as to creditors, it is null and void.

2. Possession of personal chattels, is always presumptive evidence to all the world of ownership.

*Bates*, for plaintiff.—Possession is evidence of ownership; but property may be hired or may be pledged. This case is not within our